# Wernet's Appeal.

On an application to open a judgment, it is proper for the court to weigh the evidence and decide according to the preponderance thereof, and the Supreme Court will not reverse for the exercise of a sound discretion.

October 14th 1879.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.    GREEN, J., absent.

Appeal from the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1879, No. 292.

Appeal of Robert Means, committee of A. A. Wernet, a lunatic, from a decree of the court discharging a rule to show cause why a judgment entered by confession on a warrant of attorney should not be opened and the committee of defendant allowed to make defence.

In 1875 Wernet came to Allegheny county from Australia, where he had been residing for a number of years.    About the same time, there arrived, sent to a Mr. Scully, of Pittsburgh, the exemplification of a record of the Supreme Court of the colony of Australia, under the seal of said court and that of the United States consul at Melbourne, wherein it appeared that a judgment had been entered in said court on July 20th 1875, in favor of one Dalton against said Wernet for 2000*l.*    With the record was a request from the consul that Mr. Scully would have the judgment entered so as to be a lien on Wernet's estate in Allegheny county. Wernet expressed his willingness to have it so entered, and immediately consulted an attorney to do so.    Upon examination it was discovered that the exemplification was defective, inasmuch as it did not show either service upon or an appearance by Wernet.    It was necessary, therefore, that suit should be brought against him, and to avoid costs a judgment was confessed for the amount of the Australian judgment.    On May 3d 1878, an inquisition found that Wernet was a lunatic, and had been for the twenty-eight years last past, and that he did not have any lucid intervals.    On September 28th 1878, the rule in this case was taken.    On the rule testimony was taken, a portion of which will be found in the opinion of this court.    And on July 2d 1879, the rule was discharged,

when this appeal was taken, under the provisions of the Act of April 4th 1877, Pamph. L. 53.

*Charles F. McKenna* and *Weir & Gibson*, for appellant.—The finding of the inquisition was prima facie evidence of incapacity to contract; and does not merely shift the burden of proof, but, like a legal presumption, it continues to operate until the question of sanity has been decided by the jury: Rogers *v.* Walker, 6 Barr 371.

To this prima facie case in favor of appellant is offered the testimony that he appeared to be sane when the judgment was confessed. This evidence could not establish that he had lucid intervals: Attorney General *v.* Parnther, 3 Bro. C. C. 441; Ray's Med. Jurisprudence of Insanity 224; George's "Des Maladies Mentales" 46; Reed's 21st Essay on Hypochondriacal Affections; Whart. Law Dic. 363–458.

Under the peculiar circumstances of this case, the failure of Dalton to answer, by his own testimony, the allegations of the petition of the committee of Wernet, or to have forwarded his own depositions to be used at the argument, should be conclusive against his claim on the agreement and warrant of attorney: Whart. on Ev., sect. 1266; Fowler *v.* Sergeant, 1 Grant 355; Frick *v.* Barbour, 14 P. F. Smith 120. He knew also of Wernet's lunacy, and this should avoid the confession of judgment: Hope *v.* Everhart, 20 P. F. Smith 231.

The purported record is, as set forth by the certificates annexed, but an "office copy" of a judgment by default, which "office copy" does not show a summons issued on defendant, nor any service or return of a summons on defendant. Not a single date appears on it, except date of judgment. Until service is shown no jurisdiction can attach, and want of jurisdiction is always a defence in actions on record. In an action upon a judgment of the court of another state the record may be contradicted by evidence impeaching the same.

*M. W. Acheson*, for appellee.—Judgments obtained before lunacy found are not affected by the finding: Wright's Appeal, 8 Barr 57. Even as respects prior executory contracts the finding is but prima facie evidence of incapacity: Hutchinson *v.* Sandt, 4 Rawle 233; Noel *v.* Karper, 3 P. F. Smith 97. A foreign judgment, if the court had jurisdiction, and in the absence of fraud, is conclusive upon the merits: 2 Kent 118–121; Wharton's Conflict of Laws, sect. 815; Bouvier's Law Dic., tit. *Foreign Judgments.*

Mr. Justice MERCUR delivered the opinion of the court, November 10th 1879.

[Wernet's Appeal.]

This is an appeal from the refusal of the court to open a judgment entered against Wernet by confession. The affidavit on which the rule to show cause was granted alleged lunacy of Wernet, and that the judgment was wholly without consideration. On the hearing, no evidence was given tending to show want of consideration, but it all related to the question of lunacy. The judgment was confessed and entered on the 16th September 1875.

The appellant gave in evidence the record of an inquisition taken at Pittsburgh, on the 3d of May 1878, which found Wernet was then a lunatic, and had been so for the space of twenty-eight years last past, and did not enjoy lucid intervals. In addition to the inquisition and evidence returned therewith, the evidence of other witnesses was given, tending to show imbecility of mind caused by intemperance.

It appears that Wernet was a native of this county, but had been absent from the country, and residing in Australia for some twelve years prior to the summer of 1875. The evidence of some of the witnesses was based on their knowledge of him prior to his departure; others, on knowledge acquired after his return. It does not appear that any of them saw him during his absence.

The consideration on which the judgment sought to be opened was based was a judgment entered in the Supreme Court of the colony of Victoria, Australia, for 2000l. sterling, in favor of the appellee against Wernet. An exemplified copy of the record of the judgment was duly certified under the official seal of said court and by the U. S. Consul-General at Melbourne. The record, however, fails to show any service on Wernet, or any appearance by him. It therefore lacks the essential element to give it the binding force of a judgment here. This is conceded, but the appellee shows the distinct admission of Wernet as to a valid consideration. On his return here, he admitted to Mr. Scully, a reputable person of this city, to whom the exemplified copy of record had been sent, that while in Australia he married a widow, Mrs. Dalton, who had two or three children; that he had obtained about 2000l. from her, and squandered it, and that she was then dead. Upon showing Wernet the exemplification of record, he said it was all right, and expressed his willingness to have it entered up. With this view and purpose Mr. Scully accompanied him to the office of Mr. Acheson. They there ascertained that a judgment could not be entered by filing the exemplified record. This resulted in filing a precipe for a summons, and in Wernet's waiving the issuing thereof, and confessing judgment.

The inquisition was found more than two and a half years after the judgment was confessed. It was therefore prima facie evidence only of his incapacity to confess the judgment. To rebut that presumption, and to prove he had a lucid interval when he signed the confession, two reputable and uncontradicted witnesses testified

10 Norris—21

[Wernet's Appeal.]

substantially, that he was at the office of Mr. Acheson from a half hour to an hour; that he exhibited no indication of being intoxicated, either by looks or conversation; that he fully understood what he was about; acted intelligently and was perfectly competent; he distinctly admitted his indebtedness, and expressed a desire to save costs and to accept service of the writ. He accompanied one of the witnesses to the prothonotary's office, and several times afterwards expressed to the other one his satisfaction that it had been fixed. The appellee was one of his step-children, and Wernet was willing to secure the money to the parties in whose favor the Australian judgment was rendered. Conceding that the proper form of the suit in Australia should have been in the name of the personal representative of the decedent, yet that did not preclude him from confessing a judgment to the surviving child, if the others were dead, or if living, to this one under such an arrangement as was satisfactory to Wernet. We have several times decided lately that, on an application to open a judgment, it is proper for the court to weigh the evidence and to decide according to the preponderance thereof, and we will not reverse for the exercise of a sound discretion.

In this case the preponderance of testimony established the competency of Wernet at the time he confessed the judgment, and the learned judge committed no error in refusing to open it.

Decree affirmed, and appeal dismissed at the costs of the appellant.