# APPEAL OF JENKINTOWN N. BANK.
# JENKINTOWN N. BANK v. T. L. FULMOR.

FROM THE DECREE OF THE COURT OF COMMON PLEAS OF
MONTGOMERY COUNTY.

Argued February 5, 1889—Decided February 25, 1889.

1. An application to open a judgment, entered on warrant of attorney or on a judgment note, is addressed to the equitable powers of the court below, and upon an appeal to the Supreme Court, under the act of April 4, 1877, P. L. 53, the question is, whether the court below rightly exercised its discretion upon the evidence.

2. It is a mistake to suppose that the court to which the application is made cannot judge of the weight of the evidence and the credibility of the witnesses, but, in every case where there is a conflict of testimony, must send the case to a jury.

3. While the precise measure of proof which should move a chancellor to open a judgment is not laid down, yet he may not act at all unless there is more than oath against oath, and, when there is more than this, and it comes to a question of the weight of the evidence, it is for him to decide as to which side the scales incline.

4. If in doubt upon this question, or as to the credibility of the witnesses, and if the testimony taken would justify a submission to a jury, the court in its discretion may make an order to open and for an issue, but if on the testimony so taken the court would set aside a verdict for the defendant, the application to open should be refused.

5. Where on a petition praying that an execution be stayed and the judgment opened, it is ordered, after hearing on the testimony taken, that the execution and levy be suspended and an issue directed to determine whether the judgment is satisfied or not, no appeal will lie from such order under the act of April 4, 1877, P. L. 53.

6. But if such order is followed by a verdict of the jury upon the issue, that the judgment in question is satisfied, the entry of judgment upon the verdict is the first step in the cause to which appeal or writ of error will lie, and, as in this case there was sufficient evidence to submit to the jury and to sustain their verdict, the submission of the case to the jury was not error.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

Nos. 165, 166 July Term 1888, Sup. Ct.; court below, No. 10 December Term 1882, C. P.

| 124 | 337 |
| 124 | 374 |
| 124 | 337 |
| 126 | 387 |
| 124 | 337 |
| 132 | 151 |
| 124 | 337 |
| 134 | 190 |
| 124 | 337 |
| 146 | 191 |
| 124 | 337 |
| 148 | 171 |
| 124 | 337 |
| 155 | 42 |
| 155 | 56 |
| 124 | 337 |
| 186 | 617 |
| 124 | 337 |
| 190 | 339 |
| 124 | 337 |
| 196 | 132 |
| 196 | 215 |
| 124 | 337 |
| 202 | 160 |
| 124 | 337 |
| 21 SC | 320 |
| 21 SC | 650 |
| 124 | 337 |
| 23 SC | 528 |
| 124 | 337 |
| 25 SC | 472 |
| 124 | 337 |
| 210 | 89 |
| 124 | 337 |
| 28 SC | 295 |
| 124 | 337 |
| 215 | 562 |
| 31 SC | 559 |
| 124 | 337 |
| 32 SC | 253 |
| 124 | 337 |
| 39 SC | 616 |

Statement of Facts.

On December 6, 1882, by virtue of a warrant of attorney, a judgment was entered in favor of the Jenkintown National Bank against T. Lloyd Fulmor for the sum of $9,810. On June 7, 1886, a writ of fieri facias having issued on said judgment, the defendant presented his petition setting forth in substance, to wit:

That the said judgment was given the plaintiff bank as collateral security for certain notes of himself and Elizabeth N. Fulmor; that said notes had been reduced to $6,950; that in 1883–4, he had erected a flour mill on his premises and that E P. Allis & Co. contracted to put machinery into said mill to cost upwards of $15,000; that said firm required him to have the premises released from the lien of all mortgages and judgments, one of which was that of the Jenkintown N. Bank; that in consideration of said machinery being placed in said mill, he did obtain the releases of such liens as were prior to those of the bank; that he went to the bank and stated that unless the bank would release said premises from the lien of its judgment, as well as the mortgages mentioned, he could not get the machinery in the mill; that said bank directors then held a meeting, after which they agreed with him to take a new judgment for a like amount as the old one, to be a lien second to that of E. P. Allis & Co. for machinery, and to satisfy the old judgment; that said defendant did on April 24, 1884, make and deliver to the bank a judgment note for $9,810, which was entered of record April 29, 1886; that he then communicated with E. P. Allis & Co. who put in the machinery; that the bank did not satisfy the original judgment, but had levied an execution on the mill and threatened to sell the same at sheriff's sale; that by said action the bank had a lien it did not have before and had impaired the rights of E. P. Allis & Co. who had a mechanics' lien for the machinery; that the mill was erected partly on two lots of land, one of which lots was acquired subsequent to the entry of the judgment of the bank on which the execution issued; and, alleging that said judgment should be satisfied, prayed the court to set aside the execution, to open the judgment and let him into a defence, and for other and further relief.

A rule to show cause having issued upon the foregoing petition, testimony was taken on depositions. The testimony on

Statement of Facts.

the part of the defendant, sustained the averments of the petition. That on the part of the respondent was to the effect that on or about February 8, 1884, the defendant, having obtained releases of mortgages and judgments prior to the bank judgment, then importuned the officers of the bank to have its judgment released. This the board of directors declined, but finally agreed that if the petitioner could obtain $10,000 by mortgage on his mill property and would raise $5,000 in addition thereto and deposit both sums in the bank to pay for the machinery, the bank would take a new judgment for $9,810, to be second in lien to that of the $10,000 mortgage, and would satisfy the original judgment for the same amount. On March 10, 1884, the defendant executed a mortgage to one Joseph Wilson for $10,000 which was placed on record March 17th. On April 29, 1884, the bank entered judgment on the new note which had been given, in the expectation that the defendant would raise the additional $5,000 which he had agreed to deposit, but this the defendant failed to do. Satisfaction was afterwards entered upon the Wilson mortgage, and satisfaction would have been entered upon the provisional judgment entered on April 29th, but it was withheld at the request of the defendant and of counsel representing E. P. Allis & Co.

The petitioner's testimony in rebuttal was to the effect that after E. P. Allis & Co. had delivered the machinery upon being informed that all liens had been released or postponed, the defendant began negotiations to raise money to pay for the machinery. In endeavoring to effect this, the bank agreed to procure for the defendant a mortgage for $10,000 on the new mill and discount $5,000 of notes to be procured by him, the proceeds of both the mortgage and notes to be paid to E. P. Allis & Co. The Wilson mortgage was executed to raise the $10,000, and the second judgment was held off the record until April, when the negotiations were dropped because the bank refused to comply with the agreement to discount $5,000 of notes presented. Then the bank entered the second judgment.

Other than the documentary evidence, the testimony on both sides directly relating to the transaction was chiefly the oral testimony of the petitioner and of certain of the officers of the bank, and proof of the declarations and admissions of the latter.

On September 20, 1886, the testimony having been filed and rule argued, the court, BOYER, P. J., filed the following, to wit:

" As the record affecting this case stands, the action of the court upon this rule may be immaterial in the final result, but the facts in dispute are such as to impose upon the court the duty of granting an issue to determine them.

" And now September 20, 1886, the execution and levy are suspended, and an issue directed to determine whether the judgment in question is satisfied, without prejudice to its lien in the meantime."

An issue was then formed to determine, (1) whether the judgment in question was satisfied; (2) if not, what if anything was due thereon.

At the trial of the issue on March 22, 1888, the testimony submitted was substantially the same as that submitted upon the argument of the rule upon which the issue was awarded, when the jury rendered a verdict " that the said judgment is satisfied and there is nothing due thereon." A rule for a new trial was subsequently discharged, when the plaintiff bank entered an appeal and purchased also a writ of error, filing in both the specifications that the court erred:

1. In making the order of September 20, 1886.

2. In submitting the case to the jury.

*Mr. B. E. Chain* (with him *Mr. Chas. Hunsicker*), for the appellant:

The order of the court was in effect an opening of the judgment. To this order an appeal would not lie until after a trial of the issue and verdict and judgment: Citizens B. & L. Ass'n v. Hoagland, 87 Pa. 326; English's App., 119 Pa. 533; Knarr's App., 19 W. N. 531.

I. The order suspending the execution and levy was error.

1. The judgment, being collateral to the notes, was collateral to the debt, the notes being but evidence of the debt. This debt not being paid, the judgment was a security therefor, no matter what shape it assumed: Bank of Commerce's App., 44 Pa. 423; Shrewsbury Sav. Inst's App., 94 Pa. 309; Oliphant v. Church, 19 Pa. 318; Pierce v. Black, 105 Pa. 342.

Arguments.

But even if there were any foundation for the opening of the judgment, the question could be disposed of without opening it. To justify the opening of a judgment entered on warrant of attorney or by confession, it should appear that the judgment was originally confessed for more than in equity and good conscience was then owing by defendant thereon: Saunders's App., 19 W. N. 507.

2. The declarations of the officers of the bank were not evidence to bind the corporation, without proof that they were authorized by the board of directors: Stewart v. Huntingdon Bank, 11 S. & R. 267; Bank of North. Lib. v. Davis, 6 W. & S. 285; Penn. R. Co. v. Books, 57 Pa. 339; Sterling v. Trading Co., 11 S. & R. 179. There was no authority shown by which the directors of the bank had delegated any power to the cashier or one of their board to release or satisfy the security. Besides, the testimony of the defendant as to the conversations with the officers of the bank, was contradicted by the latter in gross and in detail.

3. The defence was purely an equitable defence, and must be supported by such evidence as would satisfy the conscience of a chancellor, and the unsupported evidence of the defendant contradicted by the plaintiff's oaths and the persuasive evidence of the notes, would not warrant a chancellor in reforming the notes: Juniata B. A. v. Hetzel, 103 Pa. 507; Phillips v. Meily, 106 Pa. 536; Yeisley v. Bundell, 22 W. N. 462; Jackson v. Payne, 114 Pa. 67; Thorne v. Warfflein, 100 Pa. 519; Nicholls v. McDonald, 101 Pa. 514; Smith v. Insurance Co., 103 Pa. 184; N. & W. Br. Ry. Co. v. Swank, 105 Pa. 555; Knarr's App., 19 W. N. 531. An injunction will not be granted where the equity of the bill is denied: Lynch v. Jennings, 6 W. N. 500; Brown's App., 62 Pa. 17.

II. The evidence submitted on the trial did not vary the case, and it was error to leave the question involved to the jury.

It is submitted that neither the law nor the evidence sustains the judgment of the court below, and that it should be reversed and the bank reinstated to the position it held.

*Mr. A. T. Freedley* (with him *Mr. N. H. Larzelere*), for the appellee:

Opinion of the Court.

1. The cases cited by the appellant on the first point of the argument were cases where the defendant attempted to reform the written instrument, or to contradict it, because there had been (1) fraud, accident or mistake in the creation of the instrument, or (2) an attempt to make a fraudulent use of it in violation of a promise or agreement made at the time it was signed, without which it would not have been executed: Phillips v. Meily, 106 Pa. 543; English's App., 119 Pa. 533; Scott's App., 123 Pa. 155. There is an obvious distinction between those cases and the present.

2. The statements and declarations of the bank officers and the cashier, the secretary of the board at the time, whereby the defendant was induced to give the second judgment note, were admissible: Harrisburg Bank v. Tyler, 3 W. & S. 376; Cake v. Pottsville Bank, 116 Pa. 270; Spalding v. Bank, 9 Pa. 31; Featherman v. Miller, 45 Pa. 103; Sidney Sch. F. Co. v. School D., 122 Pa. 494. In the cases cited against us the declarations were rejected because made subsequent to the transaction.

3. Whether the court erred in submitting the case to the jury, wholly depends on the disposition made of the first assignment of error. If that is dismissed, this one falls with it, for otherwise the assignment is entirely too vague and indefinite, and would violate the rules of this court in not raising any specific issue. The court below was not requested in any way to give a binding instruction in favor of the plaintiff, and in the absence of such request, the action of the court cannot thus be assigned for error.

OPINION, MR. CHIEF JUSTICE PAXSON:

This was an appeal from the order of the court below staying the execution and awarding an issue. There was also a writ of error to the trial of the issue. There are but two assignments of error, in one of which it is averred that the court erred in suspending the execution and awarding an issue; in the other that the court erred in submitting the case to the jury. The two assignments are filed in both cases.

It is sufficient to say in regard to the appeal that the court did not open the judgment as a preliminary step; it merely stayed the execution and directed an issue to inform the con-

science of the court whether an order opening the judgment should be made. The court may be so informed by either depositions or an issue. An order which merely stays proceedings while such investigation is being made, is not such an order from which an appeal can be taken under the act of 1876. When the court has made an order, based upon either depositions or the finding of the jury upon the issue, and the effect of such order is to refuse to open it, the case is ripe for an appeal under the act of 1877.

No exceptions appear to have been taken to the trial of the issue. The plaintiff relies entirely upon the error in the preliminary action of the court staying the execution and awarding an issue. That order was as follows: " And now, September 20, 1886, the execution and levy are suspended, and an issue directed to determine whether the judgment in question is satisfied, without prejudice to its lien in the meantime." The verdict of the jury upon this issue was, " That said judgment is satisfied, and that there is nothing due thereon." The court below entered judgment upon the verdict. This is the equivalent, not only of an order opening the judgment, but also setting it aside. If for the purposes of this case, we treat the original order staying the execution as an order to open the judgment, we are now asked to say that said order was improperly made, and that the subsequent trial of the issue, notwithstanding the verdict in favor of the defendant, goes for nothing. We so held in recent cases of Knarr v. Elgren, 19 W. N. 531, and in Scott's App., 123 Pa. 155. In both of these cases we held that the judgment was opened upon insufficient evidence, and the verdict of the jury was obtained upon substantially the same evidence. The error of the court was supplemented by the error of the jury in each case.

The frequency of this class of cases renders it necessary that we should say something as to the proper practice under the act of 1877, P. L. 53, and the measure of proof required to entitle the defendant to have a judgment opened, entered upon a warrant of attorney. The proceeding under that act is an equitable one. It provides: " That in all cases of application, made to any Court of Common Pleas within this commonwealth, to have any judgment which has been entered by virtue of a warrant of attorney, or on judgment note, opened,

and defendant or defendants let into a defence, the party or parties aggrieved by the decision of the court thereon may have the same reviewed in the Supreme Court by appeal in like manner and proceedings as equity cases are now appealed." In commenting upon this act, it was said by our late brother TRUN-KEY, in Knarr v. Elgren, supra: "Prior to the enactment of this useful statute, the defendant, who applied to have such judgment opened, was compelled to submit to the decision of the Court of Common Pleas as final when entered against him, unless he resorted to a formal bill and proceeding in equity, which was the only practical remedy for relief from an unjust judgment. In either form of procedure the relief demanded is in equity, and the applicant or complainant must make a case which would justify a chancellor in entering a decree." After discussing the evidence in that case, the learned judge concludes his opinion thus: "Were this cause tried in a court of equity in a proceeding commenced by bill, it would be dismissed. That it was commenced in another form does not prevent application of the same principles."

Prior to the act of 1877, as before observed, the opening of a judgment rested in the discretion of the court below, and no appeal was allowed to this court. It by no means follows, however, that the discretion formerly vested in the Common Pleas in regard to opening judgments, has been taken away by the act of 1877. Upon appeal to this court, we only decide whether the discretion has been rightly exercised. In Earley's Appeal, 90 Pa. 321, we said: "The exercise of jurisdiction upon rules to open judgments, entered on warrants of attorney, has always been held to be within the sound discretion of the courts. The act of 1877 . . . . . has not changed the law in that respect. It provides only that the decision shall be reviewed by appeal in like manner and proceedings as equity cases are now appealed. It is a mistake to suppose that the court cannot judge of the weight of the evidence, and the credibility of witnesses, but must in every case, where there is a conflict of testimony, send the case to a jury. In equity cases these questions may be determined by the chancellor, and on appeal his decision is reviewed. We are to determine in all such appeals whether the discretion of the court below has been rightly exercised." In Wernet's Appeal, 91 Pa. 319,

it was held that "on an application to open a judgment, it is proper for the court to weigh the evidence and decide according to the preponderance thereof, and the Supreme Court will not reverse for the exercise of a sound discretion." In Kneedler's Appeal, 92 Pa. 428, it was held that a motion to open a judgment entered on a warrant of attorney is an appeal to the equitable powers of the court, and upon an appeal under the act of 1877 the question is whether the court rightly exercised its discretion upon the evidence. To the same point is Wise's Appeal, 99 Pa. 193.

Other cases might be cited; those I have referred to are sufficient. They show conclusively that an application to open a judgment entered upon a warrant of attorney or judgment note, is an equitable proceeding, addressed to the discretion of the court, and is to be disposed of in accordance with the principles of equity. The judge to whom the application is made acts as a chancellor, and upon appeal this court will only see that his discretion has been properly exercised. It is difficult to lay down the precise measure of proof which should move a chancellor to open a judgment. That he may not act unless there is more than an oath against oath, is a familiar rule in chancery practice. When there is more than this, and it comes to a question of the weight of the evidence, it is for him to decide to which side the scales incline. If he is in doubt upon this question, or as to the credibility of witnesses, a prudent course would suggest the aid of a jury. Subject to the foregoing, it is proper to say, that if the testimony taken on the rule would be sufficient to justify the submission of the question to a jury, the court may, in its discretion, make an order to open; but if, on the testimony so taken, the court would set aside a verdict for the defendant, the court should refuse to open. This rule provides a reasonable margin for the exercise of the discretion of the court below, which this court will hesitate to interfere with.

Returning to the case in hand, we have a petition praying that the execution be set aside and the judgment opened; depositions taken for and against the rule, and an order of court staying the execution, and directing an issue to further inform the conscience of the court upon the facts, followed by

the verdict of the jury upon the issue, that the judgment in question is satisfied. The entry of judgment upon this verdict is the first step in the cause to which either appeal or writ of error would lie. It follows that the first assignment of error is without support. It remains only to consider whether it was error to submit the case to the jury: see second assignment. If it depended upon the precise terms of the assignment there could be but one answer. The court was but seeking the aid of the jury to determine whether the judgment should be opened. But as the assignment was evidently intended to reach the final action of the court in setting aside the judgment, we shall so treat it.

This is not the case of the reformation of an instrument on the ground of fraud, accident, or mistake; hence many of the authorities cited on behalf of the appellant do not apply. There was no attack upon the integrity of the judgment. It was merely a question of payment; or, to state it more accurately, whether the plaintiff bank, for the convenience and advantage of other parties as well as its own, had agreed to satisfy the judgment in question and accept another judgment for the same amount in lieu thereof. In such case a chancellor might not require the same measure of proof as in a proceeding to reform the instrument. If, therefore, there was evidence enough to submit to the jury, and to sustain their verdict, it was not error to submit it, and to enter judgment on said verdict. Without entering upon an extended discussion of the testimony, we are satisfied there was enough to justify the learned judge in sending the case to the jury. It is true the defendant was contradicted to some extent, but there were some circumstances which certainly corroborated him; and there were other circumstances which were claimed to corroborate him, the effect of which was fairly left to the jury and they have found that they did corroborate him. Of the former class is the undisputed fact that the bank did take a new judgment; that they entered it up and that they did not satisfy the old judgment. It is also undisputed that other creditors released their liens, and it is claimed that they did so under the arrangement testified to by the defendant. The case involved a fair question of fact for a jury, nor was it free from doubt. The learned judge,

acting as a chancellor, would probably have accepted the verdict had it gone either way.

The appeal is quashed, and the judgment is affirmed upon the writ of error.

124 347
135 565

