La Roche Electric Works, Appellant, *v.* John W. Emery.

*Judgment—Opening judgment—Discretion of court—Review.*

On a rule to open a judgment it is proper for the court to weigh the evidence and decide according to the preponderance thereof, and the Supreme Court will not reverse for the exercise of a sound discretion.

Argued Jan. 13, 1896.     Appeal, No. 318, Jan. T., 1895, by plaintiff, from order of C. P. No. 2, Phila. Co., March T., 1894, No. 769, making absolute a rule to open a judgment.     Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.     Affirmed.

Assumpsit for goods sold and delivered.

From the record it appeared that on September, 6, 1894, the defendant filed his first affidavit of defense to the plaintiff's statement, and on October, 13, having previously obtained the leave of the court, he filed a supplemental affidavit of defense. On November 10, 1894, the court made absolute a rule, taken by the plaintiff, to show cause why judgment should not be entered against the defendant for want of a sufficient affidavit of defense. On November 17, 1894, the defendant obtained a rule on plaintiff to show cause why the assessment of damages should not be amended, meanwhile proceedings to stay. Depositions were taken on this rule and December 22, 1894, it being agreed by counsel for plaintiff and defendant that the rule should be treated as a rule to open judgment, the rule was made absolute by the court.

In the affidavit on which the rule was granted defendant averred that as to all of the electric plant charged for by plain-

tiff in its statement, when it found that said plant would not fulfil the conditions of the agreement and promises, it offered to take back the same and relieve the defendant from his contract if defendant would pay the costs incurred in the erection of said plant; that the defendant agreed to this if plaintiff would allow him to offset against said costs the damages he had suffered in consequence of being obliged to move a certain heating apparatus which he had in his building before the electric plant in question was erected. It was further averred that at the time of this conversation George E. Gaskill, the contractor employed by plaintiff to put in the boiler, engine and stack of said plant, stated that the boiler, engine and stack were then worth just what he had charged for it, to wit, $645.47 ; that the plaintiff and defendant agreed that if the defendant could find a purchaser for the dynamo attached to said plant, he, the defendant, would try to sell the dynamo for the plaintiff; that the defendant did find a purchaser for the price of $500, at which price the defendant agreed to sell it, erect it, and guarantee it for a year ; that the plaintiff agreed that it would accept the person found by the defendant as the purchaser thereof; that the amount due $1,402.50 should be reduced by deductions therefrom as follows: Value of engine, boiler and stack, $645.47, price of dynamo $500, potential indicator, three-pole switches, and other attachments pertaining thereto, $40.00, an endless belt, $12.00 ; that the balance of $205.03 defendant did not think he ought to pay, as the plant failed in its purpose, as set forth in the affidavit of defense.

The court made absolute the rule to open judgment.

*Error assigned* was above order.

*James Collins Jones*, for appellant.—Equity will not interfere with a common law judgment entered after defendant has had his day in court, in the absence of fraud: Freeman on Judgments, 4th ed. sec. 486 ; Beach on Modern Equity Jurisprudence, sec. 658 ; Waldo v. Denton, 135 Pa. 181.

*Marcel A. Viti, John L. Kinsey* and *George S. Graham*, for appellee.—That a court of equity has power to open a common law judgment is too well settled to need argument, and this

power is broad and almost boundless: Kellogg v. Krauser, 14
S. & R. 136; Hutchinson v. Ledlie, 36 Pa. 112; act of May 20,
1891, P. L. 101; act of April 4, 1877, P. L. 53; Kelber v.
Plow Co., 146 Pa. 485; Earley's App., 90 Pa. 321; Wernet's
App., 91 Pa. 319; Kneedler's App., 92 Pa. 428; Wise's App.,
99 Pa. 193.

This court will not, except for plain error, review the sound
discretion of the court below, in weighing the evidence: Be-
dell's App., 87 Pa. 510; McConnell's App., 97 Pa. 31; Babcock
v. Day, 104 Pa. 4; Pennock v. Kennedy, 153 Pa. 579.

PER CURIAM, January 27, 1896:

The act complained of in this case was done in the exercise
of an unquestionable equity power of the court below.

In November, 1894, judgment in default of sufficient affidavit
of defense was entered against the defendant. On his applica-
tion, a week thereafter, a rule to amend the assessment of dam-
ages was granted. By agreement of counsel for both parties
that rule was "treated as a rule to open the judgment" there-
tofore entered; and on December 22, 1894, the same was made
absolute. The action of the court in thus opening the judg-
ment and letting the defendant into a defense is assigned as
error.

The proceeding under the rule, as modified by agreement,
was virtually an appeal to the equity power of the court which,
in all judgments by default, may be invoked by the defendant.
In such applications, "it is proper for the court to weigh the
evidence and decide according to the preponderance thereof,
and this court will not reverse for the exercise of a sound discre-
tion:" Wernet's Appeal, 91 Pa. 319. That appears to have
been done in this case. The record fails to show that the discre-
tion, with which the court is invested in all such cases, was not
properly exercised. There is nothing in either of the assign-
ments of error that requires further notice. They are both dis-
missed.

Decree affirmed and appeal dismissed with costs to be paid by
plaintiff.