## McDonough *v.* Sheridan.

*Judgment—Opening judgment—Consideration—Lien—Release of mechanic's lien.*

A judgment entered on a judgment note will not be opened, where it appears that the defendant who was the owner of a house, made the note to the order of her contractor and delivered it to her agent; that subsequently a subcontractor in consideration of the release of a valid mechanic's lien accepted in payment of his claim the note in question, and checks of the contractor and defendant's agent. In such a case it is immaterial as far as the subcontractor is concerned that the contractor may have falsely represented to the agent that the subcontractor was the only remaining person who had a right to file a lien.

Argued Jan. 17, 1901. Appeal, No. 1, Jan. T., 1901, by defendant, from order of C. P. Lackawanna Co., Sept. T., 1898, No. 925, discharging rule to open judgment in case of William McDonough to use of Luther Keller v. Ann Sheridan. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to open judgment entered on judgment note.

From the record it appeared that William McDonough had a contract to build a house for Mrs. Ann Sheridan, the defendant, and to deliver it to her free from liens. John Flanagan was a subcontractor with a claim against the house for about $500, for which he had a right to file a mechanic's lien. Mrs. Sheridan executed the note in controversy, which was for $175, to the order of McDonough, and delivered it to her attorney or agent, C. F. Woodruff. Subsequently Flanagan executed a release of liens and accepted in full payment of his claim the note in question and the checks of McDonough and Woodruff. Flanagan assigned the note to Luther Keller, who entered judgment upon it. Defendant claimed as a ground for opening the judgment that McDonough had falsely stated and represented to Woodruff that all parties who could file liens against the house had been paid, except Flanagan, and that relying upon these representations Woodruff had delivered the note to Flanagan. There was no evidence that Flanagan had any knowledge of the false representations alleged.

The court discharged the rule to open the judgment.

*Error assigned* was the order of the court.

*J. W. Carpenter*, for appellant.—The assignee of a nonnegotiable note takes it subject to all the equities of the maker against the payee, unless he first inquire of the maker whether he has any defense, and receive an answer in the negative : Leonard's Appeal, 94 Pa. 168; Eldred v. Hazlett, 33 Pa. 307 ; Ashton's Appeal, 73 Pa. 153.

*Thomas F. Wells*, for appellee.—The unsupported testimony on oath of a defendant in a confessed judgment, where the execution of the note is admitted, which is directly opposed by the testimony on oath of the plaintiff, is insufficient to warrant the opening of a judgment: English's Appeal, 119 Pa. 533; Tidioute & Tiona Oil Co. v. Shear, 161 Pa. 508.

The appellate court will not overrule the decision of the chancellor unless the legal discretion in him vested has been abused: Steel Iron Co. v. Jacobs, 9 Pa. Superior Ct. 122; Blauvelt v. Kemon, 196 Pa. 128.

OPINION BY BEAVER, J., February 14, 1901.

There is really no dispute as to the essential facts of this case. Defendant left with her attorney, or at least her agent for the time, a note payable to the order of William McDonough, the contractor for the building of her house, for $175. Flanigan, who had done work upon the house and was legally entitled to a lien therefor, presented his claim in McDonough's presence to the defendant's agent or attorney. There was no dispute as to the amount. It was settled by the transfer of the note in McDonough's name, by a check by McDonough, and a check for the balance by the defendant's agent. In consideration of the transfer of this note and of the checks received by him, Flanigan released his lien. So far as appears by the testimony Flanigan had no knowledge of any representations made by McDonough, nor was he interested in any way in the question as to whether or not there were any other claims which might be the subject of mechanic's lien. He had a legitimate claim undisputed, for which he had a right to file his lien. In consideration of the transfer of the note, which he subsequently transferred to the use plaintiff, and of the checks received, he

released his right to the lien, accepting them as actual payment of his claim.  So far as the defendant and Flanigan are concerned, she received from him full consideration for the note. It was in effect, if not in fact, a novation, so far as he was concerned.  He was not bound in any way by any representations which McDonough may have made, being neither a party nor privy thereto.

The court below not only exercised proper discretion in refusing to open the judgment upon the petition of the defendant, but could not have done otherwise without a manifest breach of its discretion.  The manner in which such discretion should be exercised has been lately fully discussed in Steel Iron Co. v. Jacobs, 9 Pa. Superior Ct. 122, and in Blauvelt v. Kemon, 196 Pa. 128.  It is unnecessary to cite other authorities.  The court below acted in full accord with the well known principles and practice therein recognized.

Decree affirmed.