## Augustine, Appellant, *v.* Wolf.

*Judgment—Opening judgment—Discretion of court.*

On an application to open a judgment it is proper for the court below to weigh the evidence and to decide according to the preponderance thereof, and the appellate court will not reverse for the exercise of a sound discretion.

The court to which an application is made to open a judgment may judge the weight of the evidence and the credibility of the witnesses, and is not bound, even where there is a conflict of testimony, to send the case to a jury. The whole proceeding resolves itself into the exercise of a sound judicial discretion.

Submitted May 7, 1906. Appeals, Nos. 29, 30, 31, 32 and 33, Jan. T., 1906, by plaintiff, from judgment of Superior Court April T., 1905, Nos. 187, 188, 189, 190, 191 and 192, reversing judgment of C. P. Fayette Co., June T., 1894, Nos. 4, 5, 6, 7, 9 and 11, discharging rule to open judgments in case of Jasper Augustine, for use of Daniel Augustine, for use of Jasper Augustine v. Joseph Wolf. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Reversed.

Appeal from the Superior Court.

The facts appear by the opinion of the Supreme Court and by the report of the case in 29 Pa. Superior Ct. 336.

*Error assigned* was the judgment of the Superior Court.

*N. Ewing* and *A. D. Boyd*, for appellant.

*Lindsey & Johnson, L. K. & S. G. Porter* and *Robinson & McKean*, for appellee.

OPINION BY MR. JUSTICE BROWN, May 24, 1906:

Joseph Wolf, the appellee, appealed to the Superior Court from the refusal of the court of common pleas of Fayette county to open six judgments that had been entered against him by Jasper Augustine, the appellant. By a stipulation filed the six appeals were heard together. The Superior Court affirmed the order as to one of the judgments and reversed as to the other five, reinstating the rules to open and making them absolute: Augustine v. Wolf, 29 Pa. Superior Ct. 336.

The applications to open the judgments were disposed of by the court below on the petitions of the defendant, the answers of the plaintiff and depositions taken by each side. On the appeal to the Superior Court no exception was taken by Wolf to the material facts stated by the court below in the opinion discharging the rules; and there is no complaint of them here. The six judgments were entered against the defendant on March 6, 1894. About the same time and to the same term ten other judgments were entered against him in favor of the same plaintiff. On January 11, 1895, Wolf filed a bill in equity in the court of common pleas of Fayette county, alleging that Augustine had been guilty of fraud upon him in transactions covering a period of many months, and the said ten judgments were selected and specifically set forth as those against which he had a defense. None of the six judgments under consideration were complained of in the bill, though they had been entered more than ten months before it was filed. The complaint of Wolf as to the judgments entered against him by Augustine was confined to the other ten. In 1899 a writ of scire facias was issued upon each of the six judgments before us. To each writ an affidavit of defense was filed, in which Wolf alleged that the judgment was involved in the equity proceedings, which were still pending and undecided. No other defense was set up. About two months after the decree in the equity court was affirmed by this court, Wolf filed supplemental affidavits of defense in the suits brought to revive the judgments, in which he alleged that he had intended to include them in the equity proceedings, and was advised and believed that they were covered by the general finding of the referee, that he did not know whether he had executed the notes or not and could not say until he saw them. On February 25, 1902, almost three

years after the proceedings to revive the judgment had been instituted and more than eighteen months after the final decree in the equity proceedings had been entered, the petitions were presented to the court below, asking that the judgments be opened. In these petitions Wolf again declared that he did not know whether he had signed the notes upon which the judgments were entered, and that, if he did sign them, they were without consideration and had been obtained by fraud. To these petitions full, complete and responsive answers were filed. Testimony was taken on behalf of the petitioner and respondent, and although after former inspection of the notes the petitioner had sworn he could not say whether or not he had signed them, in his testimony taken in support of his rules he denied the signatures to all but one and called four experts who agreed with him. Augustine swore that he had seen Wolf sign each note and explained in detail the consideration entering into each. He also called four expert witnesses in handwriting, who, in most positive terms, pronounced genuine the signatures to the five notes attacked as forgeries. With these facts found by the court below and unquestioned by Wolf on his appeals to the Superior Court, the orders refusing to open the judgments entered on notes alleged to be forgeries were reversed. The only question before the Superior Court was whether the court below had rightly exercised its discretion, and this is the only question before us, to be now determined as if Wolf's appeals had been here in the first instance.

In the opinion of the Superior Court it is stated that "the defendant should be allowed a trial where he has shown by a preponderance of evidence sufficient to sustain a verdict in his favor, that he has a just defense." No such preponderance in favor of the defendant appears in the present case, and his counsel did not attempt, either before us or in the Superior Court, to call attention to it. On the contrary, as to the charge of forgery, upon which allegation the five judgments were directed to be opened by the Superior Court, the court below said: "The allegation of forgery, if promptly made and supported, would be all sufficient to warrant the opening of these judgments. In the present case, however, it is scarcely hinted at until the time came for taking testimony in support of the rules to show cause. The petitioner, Wolf, after an inspection

of the notes, stated under oath that he did not know whether or not he signed them. Afterwards he swears that five of the signatures are forgeries, and called four experts to support his statement. Augustine denied that the signatures were forged, swore that he saw Wolf sign each and every of these notes, and stated specifically for what each and every note was given. In addition to his own testimony he called an equal number of experts in handwriting, who positively declared their belief in the genuineness of the disputed signatures. . . . The defense set up by Wolf, including the allegations contained in his petitions for opening these judgments is so weakened in our judgment, by a consideration of the course pursued by him throughout this long continued litigation, that at most his hope could only arise to a mere chance with a jury, for which alone, courts will refuse to grant new trials and should refuse to open judgment. The ordinary juror would not likely give much weight to a defense which was not made when opportunity therefor offered nearly ten years ago, neither is it likely he would be impressed by the allegation of forgery which the petitioner seemingly could not determine without the aid of an expert. For our part, we fail to discover any forgery, or any necessity for it when we consider the petitioner's own statement that he signed without question any note or paper which Augustine presented." A further statement by the Superior Court is: " Ordinarily it is for the judge who heard the evidence to pass upon the question, even where forgery is charged, as 'There is no inflexible rule which compels the court to open the judgment:' Shannon v. Castner, 21 Pa. Superior Ct. 294. It remains an equitable proceeding to be decided by a chancellor, and a jury if necessary. While a judgment should not be opened upon the defendant's oath when contradicted by the oath of the plaintiff, 'yet where there are corroborative circumstances or circumstances from which inferences may be drawn corroborating the defendant, it is proper to open the judgment, and refer the question to a jury:' Cloud v. Markle, 186 Pa. 614." The oath of this defendant was not only contradicted by that of the plaintiff, but the circumstances were corroborative of the latter rather than of the former.

That the legal discretion of the court below was not improperly exercised is clear and, if it was not so exercised, its

orders refusing to open the judgments must be affirmed. On an application to open a judgment it is proper for the court below to weigh the evidence and to decide according to the preponderance thereof, and we will not reverse for the exercise of a sound discretion: Wernet's Appeal, 91 Pa. 319. "An application to open a judgment entered on warrant of attorney or on a judgment note is addressed to the equitable powers of the court below, and upon an appeal to the Supreme Court, under the Act of April 4, 1877, P. L. 53, the question is whether the court below rightly exercised its discretion on the evidence. It is a mistake to suppose that the court to which the application is made, cannot judge of the weight of the evidence and the credibility of the witnesses but in every case where there is a conflict of testimony, must send the case to a jury: Jenkintown National Bank's Appeal, 124 Pa. 337. Applying these well-settled principles to the case at bar we cannot convict the court of error in refusing to open the judgment:" Blauvelt v. Kemon, 196 Pa. 128.

The order of the Superior Court is reversed and the order of the court below in refusing to open the judgments Nos. 4, 5, 7, 9 and 11 to June Term, 1894, is affirmed in each case at the cost of the appellee.