## McCullough *v.* Kinnan, Appellant.

*Judgment—Opening judgment—Discretion of court—Review.*

On an application to open a judgment, it is proper for the court below to weigh the evidence and to decide according to the preponderance thereof, and the appellate court will not reverse for the exercise of a sound discretion.

Argued May 8, 1906. Appeal, No. 82, April T., 1906, by defendant, from order of C. P. Indiana Co., Dec. T., 1904, No. 268, refusing to open a judgment in case of S. I. McCul-

lough v. H. M. Kinnan and J. W. Kinnan. Before Rice, P. J., Porter, Henderson, Morrison, Head and Beaver, JJ. Affirmed.

Rule to open judgment.
The opinion of the Superior Court states the case.

*Error assigned* was in not opening the judgment.

*E. Walker Smith*, for appellant.

*D. B. Taylor*, with him *S. M. Jack*, for appellee.

Opinion by Beaver, J., October 5, 1906:

Applications were made to the court below for the opening of nine several judgments, purporting to be signed by H. M. Kinnan and his father, J. W. Kinnan, who is the appellant here. After testimony taken, and hearing, all of the judgments were opened, except the one now before us, which the court in an opinion filed refused to open. This of itself shows discrimination on the part of the court and the exercise of discretion. The opinion filed by the court gives the reasons upon which that exercise of discretion is based, and states as a final conclusion:

"In our opinion the testimony submitted to the court in this case would not justify a jury in finding that the note in question is a forgery. It is not so clear and indisputable as would warrant the court in setting it aside. The date, the amount and the payee of the note corresponding with the numerous admissions of the defendant, we regard the preponderance of the testimony to be in favor of the genuineness of the obligation."

It is undoubtedly true that this is a case in which the minds of different persons might be led to different conclusions. The appellant swore positively that the signature to the note in question was not his signature and in this he is corroborated by the testimony of several persons who were familiar with his signature. On the other hand, it was testified by several witnesses that he had admitted the giving of a note which corresponded in date, amount and name of payee with the note in question. The court had the witnesses before it, could judge of their credibility much better than we, and we are, therefore,

not prepared to say that the court failed to exercise a sound legal discretion in the disposition of the case.

In Augustine v. Wolf, 215 Pa. 558, in the discussion of a case somewhat similar, it was said, quoting from Blauvelt v. Kemon, 196 Pa. 128: " on an application to open a judgment, it is proper for the court below to weigh the evidence and to decide according to the preponderance thereof, and we will not reverse for the exercise of a sound discretion: Wernet's Appeal, 91 Pa. 319. An application to open a judgment, entered on warrant of attorney or on a judgment note, is addressed to the equitable powers of the court below, and upon an appeal to the Supreme Court, under the Act of April 4, 1877, P. L. 53, the question is whether the court below rightly exercised its discretion on the evidence. It is a mistake to suppose that the court to which the application is made cannot judge of the weight of the evidence and the credibility of the witnesses, but in every case where there is a conflict of testimony must send the case to a jury: Jenkintown National Bank's Appeal, 124 Pa. 337. Applying these well-settled principles to the case at bar, we cannot convict the court of error in refusing to open the judgment."

Whilst it is possible that some of those who heard the case here on appeal might have reached a different conclusion from that reached by the court below, we are not prepared to say, under the circumstances, that the discretion of the court below was not wisely exercised.

Judgment affirmed and appeal dismissed at the costs of the appellant.