## Joy *v.* Amantea, Appellant.

*Judgment — Opening judgment — Evidence — Discretion of court — Vendor and vendee.*

On an application to open a judgment given for purchase money of real estate so that the defendant may deduct therefrom a payment made to a tenant to secure possession of the property, where the question involved is whether the defendant knew of the existence of the lease and purchased the property subject to it, the lower court may in the exercise of a sound discretion determine the question from a

consideration of the preponderance of the evidence and the credibility of the witnesses; and in the absence of an abuse of discretion the appellate court will not reverse the action of the lower court in refusing to open the judgment.

Argued April 15, 1910.  Appeal, No. 58, April T., 1910, by defendant, from order of C. P. No. 4, Allegheny Co., Third T., No. 98, discharging rule to open judgment in case of Maurice Joy v. Frank Amantea.  Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule to open judgment.

The facts are. stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*Geo. Hettrick Bonner,* for appellant.

*W. J. O'Donnell,* for appellee.

OPINION BY BEAVER, J., July 10, 1910:

The appellant, the defendant below, seeks to have opened a judgment given by him to the plaintiff for a portion of the purchase money of a lot which he purchased from the plaintiff, so as to deduct therefrom the amount paid by him to a tenant in possession of the lot at the time of the delivery of the deed, the allegation being that, in order to induce the tenant to surrender the lease, he was compelled to pay $215.

The question as to whether or not the appellant knew of the lease and bought subject to it is a disputed one, but it appears reasonably clear from his own testimony that he at least knew of the existence of the lease prior to the delivery of the deed, the plaintiff alleging that he knew of it before the agreement for the sale was written or executed and that he bought subject to the lease.  This was

the simple question considered by the court below in passing upon the rule to show cause why the judgment should not be opened. As already stated, there was testimony somewhat contradictory in character. It was, however, such a question as could be passed upon by the court which had jurisdiction of the case and was entirely competent to determine as to the preponderance of the evidence and the credibility of the witnesses. It comes clearly within the principle ruled in Augustine v. Wolf, 215 Pa. 558, in which it is said (p. 562), quoting from Wernet's Appeal, 91 Pa. 319:

" 'An application to open a judgment entered on warrant of attorney or on a judgment note is addressed to the equitable powers of the court below, and upon an appeal to the Supreme Court, under the Act of April 4, 1877, P. L. 53, the question is whether the court below rightly exercised its discretion on the evidence. It is a mistake to suppose that the court to which the application is made, cannot judge of the weight of the evidence and the credibility of the witnesses, but in every case where there is a conflict of testimony must send the case to a jury: Jenkintown National Bank's Appeal, 124 Pa. 337. Applying these well settled principles to the case at bar, we cannot convict the court of error in refusing to open the judgment:' Blauvelt v. Kemon, 196 Pa. 128."

So here, on a careful review of the testimony, we cannot convict the court below of error in the exercise of a discretion which clearly belonged to it, and in the doing of which it seemed to be governed by the weight of the evidence.

The decree is affirmed and the appeal dismissed at the costs of the appellant.