# Powers *v.* Sellors, Appellant.

*Judgment—Opening judgment—Conflicting testimony.*

A judgment will not be opened where the averments of the petition to open are supported by the testimony of the defendant alone which is indefinite and unsatisfactory, and the answer of the plaintiff is full and responsive, and supported by his own testimony coupled with strong corroborative circumstances.

Submitted May 8, 1911. Appeal, No. 164, April T., 1911, by defendant from order of C. P. Mercer Co., Oct T., 1909, No. 308, discharging rule to open judgment in case of N. M. Powers v. Charles J. Sellors. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule to open judgment. Before WILLIAMS, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court discharging rule to open judgment.

*Virgil L. Johnson* and *Joseph W. Nelson,* for appellant.

*B. Magoffin,* for appellee.

PER CURIAM, July 13, 1911:

This is an appeal from an order discharging the defendant's rule to show cause why the judgment should not be opened and he be let into a defense. At the conclusion of a carefully considered opinion, in which the evidence is elaborately reviewed and the legal and equitable principles applicable to such cases are fully and accurately stated, the learned judge of the common pleas said: "The petition is not supported by clear, precise and positive testimony, but is supported by the testimony of the defendant alone, which is, at best, very indefinite and unsatisfactory, and stands without material corroboration in essential particulars. As against this stands the full and responsive answer of the plaintiff and his positive testimony in support thereof, denying all of the material allegations contained in the defendant's petition, and this coupled with strong corroborative circumstances." Our examination of the petition, answer, and evidence, with the aid of the arguments of counsel, has led us to the same conclusions, and it needs no citation of authority beyond the leading case of Jenkintown National Bank's Appeal, 124 Pa. 337, to show that in such a case it is not an abuse of discretion to refuse to open the judgment.

The order is affirmed and the appeal dismissed at the costs of the appellant.