## Nescopeck National Bank *v.* Smith et al., Appellants.

Argued March 7, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

554

*Thomas J. Grover,* for appellants.

*J. Q. Creveling,* for appellee.

OPINION BY TREXLER, P. J., April 17, 1933:

This matter arose on a petition to open judgment presented by Mrs. M. R. Smith and Walter E. Seely in which they state that on September 20, 1929 the Nescopeck National Bank entered judgment against them for $110 by virtue of a warrant contained in a note; that on November 15, 1930 she went to the bank and paid to the cashier $185, and instructed him to apply said money to the payment of the above note and the remainder to the payment in part of another note given by her and two other persons; that subsequently the bank issued execution on the note, notwithstanding the fact that it was fully paid, and praying therefore that the judgment be opened and they be allowed to interpose a defense.

We may, before discussing the testimony, observe that this is not an attack on the instrument itself. It is admitted that it was given for a consideration and that it was a valid obligation. The present controversy presents solely the question of payment and the vital fact in the case is whether the note has been liquidated by a direction on the part of the debtor to appropriate to it the amount paid. It would seem that under such conditions the same measure of proof is not necessarily required as in a proceeding to reform

an instrument. Jenkintown National Bank's Appeal, 124 Pa. 337, 346, 17 A. 2.

Mrs. Smith testified that she told the cashier of the plaintiff bank to apply the money which she gave to him to the Walter E. Seely note [the note in question] and the balance to the John Meyers' note, and received the reply that "they" would attend to it. Walter E. Seely, the other maker of the note, testified that he saw the cashier and was told by him that the money was in the bank to take care of the note of which he was a maker.

The attorney for the bank, testified that he had four notes for collection on all of which Mrs. Smith was a joint maker, that Mrs. Smith gave him a check for $185 "to be credited on her account if she desired to avoid execution at once," to be forwarded to the bank with the understanding that "it might be credited on the account to which the bank determined, to which she agreed because of the fact that I said I was to issue execution." He states that she told him that the cashier had agreed to credit the $185 so as to extinquish the note in question, but that in the presence of Mrs. Smith he telephoned to the cashier and ascertained that this was not so. The cashier testified that he received the check from the attorney for the bank by mail. In response to the question: "Did you have directions as to how the application was to be made at the same time the check came in? A. Mrs. Smith was in and she tried to have that applied and I said no, that goes on account of this estate and the four notes." He admits that she wanted the Seely note paid first and he told her "positively no."

There are some inconsistencies in the testimony. There seems to be no doubt that Mrs. Smith made a deposit of $185 and subsequently issued a check against it. She testified she had not given a check, but apparently she is mistaken in this, but she may have

been led to this belief by reason of the fact that the bank instead of returning this check to her, as is usually the case when the book is balanced, retained it. The testimony on behalf of the bank as to when the actual appropriation was made is not very clear.

Mrs. Smith had a right to designate to what note the payment was to be applied. Whether under the circumstances she relinquished this right is vital to her case. A refusal to open the judgment deprives her of presenting a state of facts which, if established, might result in a verdict in her favor.

We are all of the opinion that the judgment should be opened.

The order of the lower court refusing to open the judgment is reversed, and the court is directed to award an issue in order to ascertain what, if anything, is still due on the judgment.