## Barnes v. Silveus et al.

*Crowell & Whitehead,* for plaintiff; *Carroll Caruthers,* for defendant.

WHITTEN, J., April 20, 1933.—The only issue in this case is whether the plaintiff, Edna Filer Barnes, had actual knowledge of the bankruptcy proceedings against the defendant, Frank J. Filtz, while there was ample time for her to file her claim against his estate.

In his report, the learned commissioner recommends that the judgment be opened and that the defendant be permitted to make defense to the said judgment. To this report, the plaintiff filed two exceptions, to wit:

1. "The learned commissioner erred in his nineteenth finding of fact, which is as follows: '19. Whether Edna Filer Barnes received actual knowledge that Frank J. Filtz was in bankruptcy while attending the first meeting of creditors of Fred Silveus on December 18, 1930, or whether she received actual knowledge of his said bankruptcy from other sources prior thereto is not determined by the commissioner, as the evidence on this question is conflicting.' There being at best oath against oath, the commissioner should have found that Edna Filer Barnes had no actual knowledge that Frank J. Filtz was in bankruptcy.

2. "The learned commissioner erred in recommending that the judgment be opened and the defendant let into a defense. He should have recommended that the prayer of the petition be refused at the costs of the petitioner."

After careful consideration, the court is constrained to decide that, in the instant case, it is incumbent on the court—and upon the commissioner—to weigh the evidence and to decide as to which side the scales incline, relating to the question, to wit: "whether the plaintiff had actual knowledge of the said bankruptcy proceedings against Frank J. Filtz while there was ample time for the plaintiff to file her claim against the said bankrupt's estate."

"It is a mistake to suppose that the court to which the application is made cannot judge of the weight of the evidence and the credibility of the witnesses, but, in every case where there is a conflict of testimony, must send the case to a jury.

"While the precise measure of proof which should move a chancellor to open a judgment is not laid down, yet he may not act at all unless there is more than oath against oath, and, when there is more than this, and it comes to a question of the weight of the evidence, it is for him to decide as to which side the scales incline.

"If in doubt upon this question, or as to the credibility of the witnesses, and if the testimony taken would justify a submission to a jury, the court in its discretion may make an order to open and for an issue, but if on the testimony so taken the court would set aside a verdict for the defendant, the application to open should be refused": Jenkintown N. Bank v. T. L. Fulmor, 124 Pa. 337.

*Decree*

And now, April 20, 1933, after due consideration, it is ordered, adjudged and decreed as follows:

First: That the first exception to the commissioner's report be, and the same is hereby sustained, and the said report is referred back to the commissioner to the end that the learned commissioner shall amend his nineteenth finding of fact in accordance with the opinion filed herewith; and,

Second: That thereafter, the learned commissioner shall return the entire record to the court for further consideration and judgment thereon.

From William S. Rial, Greensburg, Pa.