## Reichenbach v. Hartlep.

*Opening judgment—Burden of proof—Practice, C. P.*

A judgment will not be opened where the evidence of the allegation that the judgment note was given under compulsion to avoid a threatened attachment is not sufficient as presented by the defendant and is flatly contradicted by plaintiff and her husband. Had this testimony been presented to the court on a rule to show cause why the judgment should not be entered on the note, the result should have been the same.

Argued April 30, 1900. Appeal, No. 13, April T., 1900, by defendant, in suit of Louise Reichenbach against Christian

Hartlep, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1898, No. 183, making absolute rule to show cause why judgment should not be entered on an open warrant of attorney. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by ORLADY, J.

Rule to show cause why judgment should not be entered on an open warrant of attorney. Before SLAGLE, J.

It appears from the record that the note in question was one for $200, five years after date and was dated January 21, 1878. The judgment having been entered up a rule was taken to show cause why judgment should not be stricken from the record and by consent of counsel the rule was granted to show cause why judgment should not be entered on an open warrant of attorney.

The answer of defendant set out, inter alia, the following allegations :

Deponent avers that he does not now, nor has he at any time since the giving of said note, been indebted to the said Louise Reichenbach in any sum of money whatsoever.

The circumstances under which the said note was given are as follows, to wit: Prior to the date of said note the husband of the payee therein named and this deponent had had certain business dealings, and their said accounts were unsettled, and deponent claimed of his said partner a sum of money, and the said Reichenbach claimed of this deponent a certain sum of money, in order to settle and adjust their unsettled mutual accounts. On the date of the note in question this deponent, being about to remove to the state of Ohio, was attached by his goods and chattels by the said husband of the said Louise Reichenbach, and in order to procure that release of said goods and chattels from the attachment which the said Reichenbach then and there pretended to have, but which deponent believes the said Reichenbach did not in fact have, he signed the note in question, believing at the time that the said note was made payable in favor of the husband of the said payee. Deponent avers that the said attachment, or pretended attachment, was wholly illegal, and that the said note was given in fact to the said Louise Reichenbach, to whom he did not at any time nor does he now owe any sum of money whatsoever.

The court below made the last rule absolute, filing the following opinion:

A judgment was entered in this case upon a note with warrant of attorney, dated January 21, 1878, for the payment of $200 in five years from date. Judgment was entered upon the note, which was subsequently set aside, and it now comes before us upon a rule to show cause why judgment should not be entered in accordance with Rule 101.

The execution of the note is not disputed.

The presumption of payment has not arisen.

[The plaintiff is, therefore, entitled to have judgment unless facts are presented which justify an issue to try its validity.] [3]

The defendant does not allege payment of the note, but says it was given under compulsion to avoid an attachment levied or threatened. He produces no corroborating testimony. It is questionable whether the facts stated by him would constitute a good defense, but they are denied by plaintiff and her husband, and if true could have been corroborated by Esquire Sorg, who was examined for plaintiff, but was not asked the question by either party.

[We do not find that defendant has shown ground for trial, and the rule must be made absolute.] [4]

Defendant appealed.

*Errors assigned* were (1) In entering judgment against defendant and in favor of plaintiff. (2) In making absolute rule for judgment. (3, 4) To portions of the judge's charge, reciting same.

*William A. Challener*, with him *Clarence Burleigh*, for appellant.—Appellant contends that the question of liability depends upon the existence or absence of consideration, and that he was entitled to a trial by jury to determine the question, and that the disputes of fact were such that the court below had no right to determine them finally, but should have discharged the rule and required the plaintiff to bring suit in the ordinary way.

No book or appearance for appellee.

OPINION BY ORLADY, J:, July 26, 1900:

The reasons urged by the defendant for opening the judgment entered against him is purely a technical one. The execution of the note is not disputed. The allegation that it was given under compulsion to avoid a threatened attachment is not sufficient as it is presented. He is not corroborated in his statements and is flatly contradicted by the plaintiff and her husband. While the judgment may have been originally entered in violation of the rule of the court, the defendant is not in any manner prejudiced, as he had ample opportunity to develop his defense to the judgment on the depositions taken on the rule to open the judgment. Had this testimony been presented to the court on a rule to show cause why judgment should not be entered on the note, the result would be the same. The court was satisfied that the judgment was correctly entered and that the defendant did not subsequently show ground for opening. The testimony fully warranted this conclusion, and the court below rightly exercised its discretion: Blauvelt v. Kemon, 196 Pa. 128.

The judgment is affirmed.