# Roenigk's Appeals.

On a petition to open a judgment entered upon a judgment note, the burden of proof rests upon the petitioner to establish a defense to the judgment.

(Decided January 4, 1886.)

Appeals from decrees of the Common Pleas, No. 1, of Allegheny County refusing to open judgments. Affirmed.

On September 30, 1883, two judgments were confessed in

---

should allege the conditions which have not been complied with, which gives the mortgagee the right. Swift v. Allegheny Bldg. & L. Asso. 82 Pa. 142; Lewis v. Flatly, 4 C. P. Rep. 176. But the omission has been held to be amendable (Hosie v. Gray, 71 Pa. 198), even after a trial on the merits. Swartara Sav. Bldg & L. Asso. v. Foley, 2 Pearson (Pa.) 265. If the scire facias alleges the mortgage to be due when not, the mortgagor must allege the contrary in his affidavit of defense to take advantage of the defect. Rhoads v. Reed, 89 Pa. 436.

---

Cited in Stephan v. Hudock, 4 Pa. Super. Ct. 474, 477; Shannon v. Castner, 21 Pa. Super. Ct. 294, 320; Mangan v. McHale, 2 Pa. Dist. R. 73, 6 Kulp, 459; Turner v. Smith, 7 Kulp, 139; Ward v. Ward, 3 Montg. Co. L. Rep. 136.

NOTE.—On a rule to open a judgment the presumption is in favor of its validity, and the burden of proof is on the party who alleges otherwise to show it. Ansley v. Arnt, 3 Kulp, 152; Volkenand v. Drum, 4 Kulp, 523.

the court below upon notes and warrants of attorney, under seal, which were alleged to have been executed by one D. Kelly and the appellant in favor of appellant's brother, the plaintiff below.

The appellant promptly presented his petition, under oath, denying in the most positive terms that he had ever executed the notes and warrants of attorney, or that they had been executed by his authority, and also denying all indebtedness to the plaintiff, and praying for the opening of the judgments and that the petitioner should be allowed to defend. Upon this petition the court, on September 12, 1883, granted a rule to show cause why the judgment should not be opened, as prayed for.

The rule having been finally discharged, petitioner appealed.

*George Shiras, Jr.,* and *Charles C. Dickey* for appellant.

*C. C. Taylor* for appellee.

PER CURIAM:

That the opening of a judgment entered on a warrant of attorney is a matter of sound discretion is well recognized by nu-

The evidence must be clear and specific, and such as would sustain a verdict of the jury for the defendant. Cosgrove v. Cummings, 195 Pa. 497, 46 Atl. 69; Bittenbender v. Biesecker, 7 Pa. Super. Ct. 41; Koch v. Biesecker, 7 Pa. Super. Ct. 37; Jenkintown Nat. Bank's Appeal, 124 Pa. 337, 17 Atl. 2. But, if a prima facie case is made out, which is not denied by the plaintiff, it will be opened. Heilner v. Falls Coal Co. 9 Pa. Super. Ct. 78; Yost v. Mensch, 141 Pa. 73, 21 Atl. 507; Heiss v. Banister, 176 Pa. 337, 35 Atl. 203; Com. *ex rel.* Henderson v. O'Donnel, 188 Pa. 23, 41 Atl. 344. Ordinarily the judgment will not be opened where there is oath against oath. Knarr v. Elgren, 19 W. N. C. 531, 7 Sad. Rep. 172, Barton's Appeal (Pa.) 5 Cent. Rep. 459, 7 Atl. 168, *infra;* Scott's Appeal, 123 Pa. 155, 16 Atl. 430; English's Appeal, 119 Pa. 533, 4 Am. St. Rep. 656, 13 Atl. 479; Lomison v. Faust, 145 Pa. 8, 23 Atl. 377; Fisher v. King, 153 Pa. 3, 25 Atl. 1029. But this rule as to oath against oath does not apply where the plaintiff stands in a fiduciary relation with the defendant. Gillespie v. Weiss, 8 Pa. Dist. R. 170, 22 Pa. Co. Ct. 177; Acker v. Lambert, 4 Montg. Co. L. Rep. 189. But the burden may shift to the plaintiff where the depositions make out a prima facie case of fraud. Haldorn v. Hassitt, 7 W. N. C. 162; Howie v. Lewis, 14 Pa. Super. Ct. 232. The proceeding is equitable in its nature, and the presumption is that the exercise of the discretion of the lower court was sound. Jenkintown Nat. Bank's Appeal, 124 Pa. 337, 17 Atl. 2; Lenare's Appeal, 126 Pa. 400, 17 Atl. 662; Rishel v. Crouse, 162 Pa. 3, 29 Atl. 123; Range v. Culbertson, 168 Pa. 324, 32 Atl. 24.

merous adjudged cases. Whether the court below had exercised sound discretion must be determined by an examination of the whole evidence. That is not furnished us in the present case. So far as the evidence is presented it shows a clear preponderance against the averment of the appellant. The burden of proof rests upon him to establish a defense. We are unable to see any difference in principle, in regard to the exercise of a sound discretion, whether the averment be a denial of the execution of the note on which the judgment was entered, or whether it be a denial of any consideration, or whether it aver a failure of consideration or a fraudulent use of the obligation.

Decree affirmed and appeal dismissed, at the costs of the appellant.