## Jacobosky *v.* Zborowjan, Appellant.

*Judgment—Opening judgment—Forgery—Evidence.*

1. Where on a rule to open a judgment the defendant claims that he has receipts showing that he had paid the amount of the judgment, but neither produces them nor explains his omission to do so, the inference is strongly unfavorable to his testimony, and will cast a serious doubt upon his denial that he signed the note upon which the judgment was entered.

2. There is no inflexible rule which compels the court to open a judgment entered upon a judgment note where a defendant swears that his signature is a forgery. Even in such case the judge should exercise a sound discretion after careful consideration of the character and effect of the testimony.

3. If the testimony taken on a rule to open a judgment so strongly preponderates against the defendant's contention that the court would set aside a verdict in his favor, the court should refuse to open the judgment.

Argued March 6, 1911. Appeal, No. 4, March T., 1911, by defendant, from order of C. P. Luzerne Co., March Term, 1896, No. 83, discharging rule to open judgment in case of Adelaide Jacobosky v. Joseph Zborowjan. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Rule to open judgment.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*S. S. Herring,* for appellant, cited: Shannon v. Castner, 21 Pa. Superior Ct. 294; Schomaker v. Dean, 201 Pa. 439; Augustine v. Wolf, 29 Pa. Superior Ct. 336; Lewis v. Ahlum, 32 Pa. C. C. Rep. 40; Nelson v. Wilcox, 35 Pa. C. C. Rep. 414; Woodward v. Carson, 208 Pa. 144.

*R. B. Sheridan,* with him *John T. Lenahan,* for appellee, cited: Shannon v. Castner, 21 Pa. Superior Ct. 294;

Lockard v. Keyser, 18 Pa. Superior Ct. 172; Augustine
v. Wolf, 29 Pa. Superior Ct. 336; Roenigk's Apps., 2 Cent.
Repr. 68; Essick's App., 1 Mona. (Pa.) 588.

OPINION BY RICE, P. J., May 11, 1911:

On February 15, 1896, judgment was entered against
the defendant by virtue of a confession contained in a
sealed promissory note of the same date for $200, payable
two years after date with interest, purporting to be exe-
cuted by the defendant. By indorsement on the note,
in consideration of the granting of a loan of $1,000 by a
building and loan association to the defendant, the lien
and collection were postponed to the lien and collection
of the bond and mortgage given by the defendant to
the building and loan association on the same date. for
$1,000, the amount of the loan.

On June 5, 1909, the defendant presented his petition,
in which he alleged that he did not know of the existence
of the judgment until he was served with a scire facias
thereon, that he did not execute or give to the plaintiff
a judgment note for $200 on February 15, 1896, or at any
other time, and that he was not indebted to the plaintiff
on that date in the sum of $200 or in any other amount.
Thereupon the court granted a rule to show cause why the
judgment should not be opened and he be let into a de-
fense. The plaintiff filed an answer alleging unequivo-
cally that the defendant signed and delivered the note,
and that at the time of its execution he was indebted
to her in the sum of $200 for balance of purchase money
of land sold by her to him. After hearing upon deposi-
tions, the court discharged the rule and from that order
the defendant took this appeal.

It appears by the deposition that the defendant pur-
chased from the plaintiff four lots of ground for $250
each; that on February 15, 1896, a balance of purchase
money was due the plaintiff; that on the same date he
owed Houpt & Son for lumber a considerable amount;
that the $1,000 borrowed from the building and loan

association was paid to him by two checks, one for $450, which he indorsed over to Houpt & Son, and the other for $550 which he indorsed over to the plaintiff. These checks were produced at the taking of depositions by the attorney for the building and loan association and they showed conclusively that the money loaned to the defendant was appropriated in the way indicated. The plaintiff's husband, who acted for her, testified positively as to the dates and amounts of the several payments made by the defendant on account of the purchase price of the lots before that time. On the other hand, the testimony of the defendant upon the same subject was contradictory and unsatisfactory, and was rendered still more unreliable by the fact that he claimed he had receipts at home, and had shown them to his lawyer, which showed that he had paid all the purchase money, but did not produce them nor explain his omission to do so. Where evidence which would properly be part of a case is within the control of the party whose interest it would naturally be to produce it, and, without satisfactory explanation, he fails to do so, an inference, more or less strong depending on the circumstances, may be drawn against him. There can scarcely be a plainer case for the drawing of an inference strongly unfavorable to the party failing to produce relevant documentary evidence within his control than that presented here. Without further elaboration we conclude that the fact that the amount of purchase money unpaid on February 15, 1896, was $750, and that this was reduced to $200, the exact amount of the note in question, by the sum appropriated out of the building association loan, is clearly established by the overwhelming weight of testimony. This fact, while not conclusive, has a very important bearing upon the question whether he signed the note. Not only was his testimony upon that question of fact left wholly uncorroborated, but the successful contradiction of his testimony upon the collateral question of indebtedness, cast a doubt upon the credibility of his testimony upon the main question.

Moreover, the plaintiff's husband, who conducted the business for her, and the attorney of the building and loan association, who took part in the transaction, testified that the note for $200, balance of purchase money, was executed by him. All three witnesses testified without having the note before them, for it had been lost from the files, but it is fair to summarize their testimony by saying that the defendant's testimony was wholly uncorroborated, and its credibility was weakened by the circumstances above alluded to, while that of the witnesses for the plaintiff was consistent with the circumstances, and one of her witnesses was wholly disinterested. It has been said repeatedly that there is no inflexible rule which compels the court to open a judgment entered upon a judgment note where the defendant swears that his signature is a forgery. Even in such case the judge should exercise a sound discretion, after careful consideration of the character and effect of the testimony: Roenigk's Appeals, 1 Sadl. 284; Essick's Appeal, 1 Mona. 588; Augustine v. Wolf, 215 Pa. 558; Shannon v. Castner, 21 Pa. Superior Ct. 294; Ilyus v. Buch, 34 Pa. Superior Ct. 43. In Roenigk's Appeals, the court said: "We are unable to see any difference in principle, in regard to the exercise of a sound discretion, whether the averment be a denial of the execution of the note on which the judgment was entered, or whether it be a denial of any consideration, or whether it aver a failure of consideration or a fraudulent use of the obligation." By this we understand the court to mean that an application to open a judgment upon the ground that the signature to the note upon which it was entered is a forgery is, like other applications to open, an appeal to the equitable jurisdiction of the court, and calls for the exercise of a sound judicial discretion upon consideration of all the evidence. The case of Schomaker v. Dean, 201 Pa. 439, is cited in support of a different doctrine, but we think that decision has been misunderstood, for in the later case of Augustine v. Wolf, the execution of the note was denied and the defendant's

testimony in denial was supported by some other evidence, and yet it was held that the evidence in favor of the genuineness of the signature so strongly preponderated that the court properly exercised its discretion in refusing to open.   In the leading case upon the subject of opening judgments it was held that if the testimony taken on the rule so strongly preponderates against the defendant's contention that the court would set aside a verdict in his favor, the court should refuse to open: Jenkintown National Bank's Appeal, 124 Pa. 337. This, in our judgment, is such a case, and, therefore, we conclude that the court exercised its discretion wisely in discharging the rule.

The order is affirmed and the appeal dismissed at the costs of the defendant.