# Challenge Yearly Beneficial Association *v.* Weis, Appellant.

*Principal and surety—Duration of liability—Beneficial association—Unincorporated association—Treasurer—Judgment—Opening judgment.*

1. Where the bond of the treasurer of an unincorporated beneficial association recites that the principal in the bond has been elected treasurer for a term stated, and the bond binds the sureties for the conduct of the treasurer for the term stated "and for and during any one or more subsequent terms for which he may hereafter be elected," the sureties on the bond are liable by the plain terms of the bond for the defaults of the treasurer so long as he continues to act as treasurer of the association.

2. Where a judgment is entered in the name of an unincorporated beneficial association on a confession of judgment in a bond of the treasurer of the association, the appellate court will not reverse an order of the court of common pleas, discharging a rule to open the judgment on the ground that the judgment should have been stricken off because it had not been entered in the name of one or more members of the association for the benefit of all, where no such motion was made in the court below.

Argued Oct. 18, 1912. Appeal, No. 140, Oct. T., 1912, by defendant, from order of C. P. No. 3, Phila. Co., Sept. Term, 1911, No. 4,576, discharging rule to open judgment in case of Challenge Yearly Beneficial Association v. August Weis, Principal, and Joseph Weis, Security. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Rule to open judgment.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*Julius C. Haas,* for appellant, cited: Babb v. Reed, 5 Rawle, 151; Liederkranz Singing Society v. Germania

Turn-Verein, 163 Pa. 265; Fletcher v. Gawanese Tribe, No. 281, I. O. R. M., 9 Pa. Superior Ct. 393.

*Hugh Roberts,* for appellee.

OPINION BY MORRISON, J., December 9, 1912:

The single assignment of error complains of the court below for discharging the rule to show cause why the judgment should not be opened as to Joseph Weis and he be let into a defense. The judgment was regularly confessed by an attorney at law upon a bond, with warrant of attorney, dated March 4, 1909, duly signed, sealed and delivered by August Weis and Joseph Weis, the defendants. The bond contained the following:

"Now the condition of this Obligation is such, that if the above bounden August Weis shall and will from time to time, and at all times hereafter for and during the above mentioned term of office, and for and during any one or more subsequent terms for which he may hereafter be elected Treasurer of the said Yearly Beneficial Association and until he shall deliver all the property which he may have received as such Treasurer to his successor in office, or to such other person or persons as said Association or its authorized officers may direct, well and faithfully perform and discharge all and singular the duties now required, or which may hereafter be required of him, . . . . as Treasurer aforesaid, during the term above mentioned or during any subsequent term for which he the said August Weis may hereafter be elected, and shall and do pay and deliver over to his successor in office, or to such other person or persons as said Association or its authorized officers may direct, all such balances or sums of money, goods and chattels, and other things, which shall appear to be in his hands and due from him to the said Association, then this obligation to be void, or else to be and remain in full force and virtue."

The warrant of attorney expressly authorizes the confession of a judgment at the suit of the said Yearly Beneficial Association, successors, attorney or assigns on said

obligation and further releases and forever acquits the said Challenge Yearly Beneficial Association, its certain attorney, successor and assigns, from all manner of error or errors, etc., and defects and imperfections whatever in the entering of the said judgment or any process or proceedings thereon or thereto or anywise touching or concerning the same.

It is conceded that while acting as treasurer of the plaintiff association the said August Weis became a defaulter and the present judgment was entered upon the bond for the purpose of collecting the amount due the Association on account of such default.

The statement of the questions involved is faulty. The first question is completely answered by the terms of the bond because it, in terms, binds the signers not only for and during the then present term of office but for and during any one or more subsequent terms for which August Weis may hereafter be elected Treasurer of the said Yearly Beneficial Association. There was evidently a conflict between the parties as to what is said in the second question involved and it is evident that the facts were found in favor of the plaintiff by the learned judge below, and, therefore, it is not fair to say that the second question is involved. The third question is, can an unincorporated association obtain a judgment in the association name without mentioning one or more members on behalf of all? This question is answered by the bond which is made in favor of the plaintiff association and the judgment was entered strictly in accordance with said bond.

It must be borne in mind that this is a motion to open the judgment and not to strike it off. The motion appealed to the sound discretion of the learned judge below. "An application to open a judgment, entered on warrant of attorney or on a judgment note, is addressed to the equitable powers of the court below and upon an appeal to the Supreme Court, under the Act of April 4, 1877, P. L. 53, the question is, whether the court below rightly exercised its discretion upon the evidence.

"It is a mistake to suppose that the court to which the application is made cannot judge of the weight of the evidence and the credibility of the witnesses, but, in every case where there is a conflict of testimony, must send the case to a jury.

"While the precise measure of proof which should move a chancellor to open a judgment is not laid down, yet he may not act at all unless there is more than oath against oath, and, where there is more than this, and it comes to a question of the weight of the evidence, it is for him to decide as to which side the scales incline:" Jenkintown Nat. Bank's App. v. Fulmer, 124 Pa. 337. See also Jacobosky v. Zborowjan, 46 Pa. Superior Ct. 626. We are well satisfied that the learned judge below found that the appellant continued liable for the defaults of August Weis by the plain terms of the bond so long as Weis continued to act as treasurer of the plaintiff association. The argument of the appellant's counsel is that the bond was only given as security for a single yearly term of Weis as treasurer, but this is in flat contradiction of the terms of the bond and we are satisfied that the learned judge below found that Weis continued as treasurer of the plaintiff association from year to year and that he was a defaulter, and therefore the judge in exercising his equitable powers and discretion refused to open the judgment. In other words, the appellant failed to satisfy the judge that there were any equitable grounds whatever for opening the judgment and so finding, the learned judge was fully warranted in discharging the rule to open the judgment. But appellant's counsel argues that the judgment was irregular as to the title of the plaintiff, it not being a corporation, and that the judgment should have been stricken off because not entered in the name of one or more members of the association for the benefit of all. But the learned counsel did not move to strike off the judgment, and while we are not called upon to decide the question of striking off, and we do not now decide that question, yet we can see no good reason why, if a motion

had been made to strike off the judgment on account of the title of the plaintiff, the court below would not have permitted an amendment by bringing upon the record the names of some of the members of the Association in accordance with the decision in Liederkranz Singing Society v. Germania Turn-Verein, 163 Pa. 265. It is to be noticed that in the present case there is no defect in the form of the judgment as to the defendants, and further, that the judgment is strictly in accordance with the bond and the warrant of attorney.

All of the judges who sat at the argument of this case reached the conclusion that the learned judge below did not err in refusing to open the judgment.

The decree is affirmed at the costs of the appellant.