## German *v.* Conover, Appellant.

*Judgment—Opening judgment—Laches—Discretion of court.*

A judgment entered upon a judgment note will not be opened on the allegation of the defendant that she had signed the note under an agreement that it was not to be entered up and that it was to be paid out of a particular fund, if it appears that the defendant delayed for seventeen years in making the application to open, that she had consented to two amicable revivals, and that she had recognized more than once her liability to pay the note.

Argued Nov. 18, 1912. Appeal, No. 265, Oct. T., 1911, by defendant, from order of C. P. Bucks Co., Feb. T., 1907, No. 81, discharging rule to open judgment in case of Mary A. German and David L. German v. Margaret Conover. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

474        GERMAN *v.* CONOVER, Appellant.

Statement of Facts—Opinion of the Court.   [52 Pa. Superior Ct.

Rule to open judgment.   Before STAPLES, P. J., specially presiding.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule to open judgment.

*John L. DuBois,* for appellant.

*Webster Grim,* of *Grim & Grim,* for appellees.

OPINION BY MORRISON, J., February 27, 1913.

This was a rule to open a judgment entered on a judgment note executed and delivered by the defendant to the plaintiff on December 11, 1896, for $1,166.66 payable one day after date, with interest, on which judgment was entered in the common pleas of Bucks county January 8, 1897, to No. 164, December Term, 1896. This judgment was amicably revived March 27, 1902, to No. 113, February Term, 1902, and it was again amicably revived March 25, 1907, to No. 81, February Term, 1907. On July 7, 1911, a writ of fieri facias was issued on said last-mentioned judgment and soon thereafter a petition was presented to the court by the defendant alleging that she executed and delivered the said judgment note with the express agreement that it should not be entered of record and no attempt made to collect, but that payment of the same should await the distribution of the proceeds of sale of certain real estate of which she was entitled to the one-fourth part; that said real estate had been sold and the proceeds thereof amounted to the sum of $15,192.06, of which sum she was entitled to the one-fourth or $3,798.01. A rule was granted upon the above-named plaintiffs to show cause why the said judgment should not be opened and the defendant let into a defense. A large mass of testimony was taken, in the form of depositions, submitted to the court, and upon argument and due consideration, as appears by the opinion filed by the court,

below, the following order was made: "And now, November 25, 1911, for the reasons above stated the rule to show cause why the judgment should not be opened and the defendant let into a defense is discharged. By the Court. CHARLES P. STAPLES, P. J., 43 Jud. Dist. Spec. Pres." To this order the defendant excepted and took this appeal.

It has often been decided that, "The judge to whom an application to open a judgment is made acts as a chancellor; it is his duty to weigh the testimony; and he is not required in every case of conflicting evidence to send the case to the jury; and upon appeal the appellate court will only see that his discretion has been properly exercised:" Stephan v. Hudock, 4 Pa. Superior Ct. 474. In the opinion in the above case by President Judge RICE will be found a large number of cases cited which amply sustain the above doctrine. See also Augustine v. Wolf, 215 Pa. 558, as to the duty of the court below to weigh the evidence and consider the credibility of the witnesses, "and that the court is not bound, even when there is a conflict of testimony, to send the case to a jury. The whole proceeding resolves itself into the exercise of a sound judicial discretion."

"On an application to open a judgment, it is proper for the court to weigh the evidence and decide according to the preponderance thereof, and the Supreme Court will not reverse for the exercise of a sound discretion:" Wernet's App., 91 Pa. 319. See also Blauvelt v. Kemon, 196 Pa. 128; Kaier Co. v. O'Brien, 202 Pa. 153; Ilyus v. Buch, 34 Pa. Superior Ct. 43; Little v. Jeffers, 42 Pa. Superior Ct. 519; Atkins v. Grist, 44 Pa. Superior Ct. 310; Jacobosky v. Zborowjan, 46 Pa. Superior Ct. 626.

To say nothing about the laches of the defendant in waiting about seventeen years before applying to open the judgment, we call attention to the fact that the record shows, as does the evidence, that this defendant agreed to two amicable revivals of the judgment which she now testifies was not to be entered and was not to be paid ex-

cept out of her interest in certain real estate which was to be sold and in which she had a one-fourth interest. There is quite satisfactory evidence that a large portion of the proceeds of this real estate were used in paying the debts of the estate, and it also appears quite strongly that the defendant never paid the judgment, or any part of it, and that she was not wronged in the disposition of the proceeds of the sale of the real estate mentioned. In our opinion, the force of her testimony and other evidence that the judgment note was not to be entered and not to be paid except out of the said real estate, is practically destroyed by the evidence of record, and otherwise, that she consented to two amicable revivals of the judgment. If it was a fact that the judgment was not to be entered the defendant would have been expected to promptly object when she was requested to agree to an amicable revival. And again, in about five years after the first revival, she agreed to the second one, and in all the years during which the original judgment and the revivals thereof stood upon the record, it does not appear to have occurred to this defendant to raise the question that the judgment was improperly entered and that she was not personally liable to pay it, until the fi. fa. was issued against her which appears to have moved her to make the application to have the judgment opened. In addition to this there is evidence that the defendant recognized her liability to pay this judgment more than once before she made the present application to open it.

A due consideration of the evidence and the opinion of the learned judge below leads us to the conclusion that there was no abuse of judicial discretion in refusing to open the judgment and in discharging the rule. On the contrary, we incline to the opinion that if the learned judge had made the rule absolute he would have been guilty of an abuse of judicial discretion.

The assignments of error are dismissed and the order of the court discharging the rule is affirmed at the cost of the appellant.