## Commonwealth *v.* Lancaster, Appellant.

*Judgment—Opening judgment—Judgment confessed on recognizance.*

A judgment entered in the quarter sessions on a warrant of attorney in a bail bond given for further hearing before a magistrate, will not be opened where it appears that the magistrate's record, regular in form, showed that the bond was forfeited, and the testimony of the defendant that the bond was given for an appearance in the quarter sessions, and that the blanks in the printed form had not been filled in before he signed the bond, is contradicted by the appearance of the bond itself, and by the direct evidence of the magistrate and his clerk.

Argued Oct. 14, 1913. Appeal, No. 84, Oct. T., 1913, by John Siveter, from order of Q. S. Phila. Co., Feb. Sessions, 1913, No. 3, refusing to open judgment in case of Commonwealth v. Harry Lancaster and John Siveter. Before Rice, P. J., Henderson, Morrison, Head and Porter, JJ. Affirmed.

Rule to open judgment.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order refusing to open judgment.

*William B. Gery,* for appellant, cited: Anderson v. McAllister, 14 Montgy. County, 63.

*John H. Maurer,* assistant district attorney, with him *Samuel P. Rotan,* district attorney, for appellee.—If the testimony taken on a rule to open a judgment so strongly preponderates against the defendant's contention that the court would set aside a verdict in his favor, the court should refuse to open judgment: Jacobosky v. Zborowjan, 46 Pa. Superior Ct. 626; Com. v. Kannenheimer, 25 Phila. Legal Int. 124.

OPINION BY PORTER, J., April 20, 1914:

The judgment against the appellant was entered under a warrant contained in a recognizance of bail into which he had entered conditioned for the appearance of Harry Lancaster "before John J. Grelis, magistrate of court No. 28, at his court, 4330 Main street, Manayunk, at 8 A. M., on the 15th day of August, 1912, then and there to answer all such charges as may be preferred against the said defendant." The magistrate certified the record of the proceedings in the charge against Lancaster, including the recognizance to the court of quarter sessions, and that record, which was in all respects regular, established that the recognizance had been duly forfeited, because of the failure of Lancaster to appear, on August 15, 1912. The condition of the recognizance which had been forfeited authorized the district attorney to confess judgment against this appellant, and the judgment which was so entered is in all respects regular. The appellant subsequently presented to the court a petition praying that the judgment be opened, alleging that at the time he signed and acknowledged the recognizance it had been represented to him that it was conditioned for the appearance of Lancaster at the next court of quarter sessions, that the same was subsequently filled in without the knowledge or consent of the defendant so as to make it appear that the bail was entered for a further hearing, that no indictment had ever been found against Lancaster, and that the judgment had been entered with-

out warrant or authority under the law.   The court granted a rule to show cause why the judgment should not be opened, which rule it subsequently discharged and the defendant appeals from that order.

The recognizance which the appellant signed and acknowledged was upon a printed form which had evidently been prepared for the use of all the magistrates of the city of Philadelphia, in cases where those charged with crime were to be required to appear at a future day.   The printed matter was certainly all there when this appellant signed the recognizance.   The material part of this printed form, for the purposes of this case, is as follows: "conditioned that if the said ——— shall be and appear before ——— magistrate court No. —— at his said court ——— on the ——— day of ———, 191— at —— o'clock — M., then and there to answer all such charges as may be preferred against the said ———." There was nothing in the printed form which could be construed to mean that the condition of the recognizance was that the defendant was required to appear at the next court of quarter sessions, and there was no blank space left in the recognizance where such a requirement might have been inserted.   The appellant could see that the blank spaces in the printed form were intended for the insertion of the name of the defendant in the case; for the name of the magistrate; the number of his court and the location thereof; and the date when the defendant was required to appear.   Even if the appellant tells the truth when he says the blanks were not filled, the paper which he signed disclosed to him that he was becoming bound for the appearance of Lancaster before the magistrate and not at the next court of quarter sessions.   Depositions were taken and the appellant testified that the blank spaces in the recognizance were not filled at the time he signed and acknowledged it.   This testimony was positively contradicted by the magistrate who took the acknowledgment of the recognizance and by Loenthal, his clerk,

both of whom testified that the blanks were filled before the appellant signed and acknowledged the recognizance. Waiving any question as to the right of the defendant to contradict the record, the weight of the evidence was clearly against his assertion.   There is no inflexible rule which compels the court to open a judgment because the defendant swears that the instrument upon which it is founded has been altered or that his signature is a forgery: Jacobosky v. Zborowjan, 46 Pa. Superior Ct. 626.   The court below did not abuse its discretion when it refused to open this judgment.

The order of the court below is affirmed and the appeal dismissed at cost of the appellant.