# Arbuckles & Co. *v.* Cloughley, Appellant.

*Judgment—Opening judgment—Fraud—Laches.*

A judgment entered on a judgment note in 1909, and revived by scire facias in 1914, when judgment was entered for want of an appearance, will be opened where the evidence shows that the note was signed with the name of defendant by her mark, that she was not present when the note was executed, did not know of or authorize the use of her name, was not in any manner indebted to the plaintiffs, and that as soon as she heard of the judgment entered on the sci. fa. she promptly consulted counsel and took a rule to open the judgment.

Argued May 9, 1916. Appeal, No. 142, April T., 1916, by defendant, from order of C. P. Beaver Co., Sept. T., 1914, No. 271, discharging rule to open judgment in case of Arbuckles & Company v. Robert W. Cloughley, Administrator of Isabella Marshall, deceased, and Alexander Marshall. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Rule to open judgment.

HOLT, P. J., filed the following opinion:

The defendant, Isabella Marshall, has made an application to open the judgment and let her into a defense. A reading of the testimony will disclose that she delayed the matter of making application to open the judgment for several years after she had knowledge of its existence against her. She alleges in her petition that the note upon which the original judgment was entered was not signed by her, nor was any authority given to anyone to sign for her. The note purports to be executed by Isabella Marshall by her mark duly attested. This note seems to be regular and in due form. The original judgment was entered in the year 1909. The writ of scire facias was duly served on Isabella Marshall on July 27, 1914. Judgment was entered September 19, 1914. The

petition to open the judgment was not filed until April 3, 1915.

*Error assigned* was order discharging rule to open judgment.

*William A. McConnel,* for appellant, cited as to the power to ratify a criminal act: Shisler v. Vandike, 92 Pa. 447; Lyon, to use, v. Phillips, 106 Pa. 57; Howard v. Turner, 155 Pa. 349.

Cited as to the question of laches: Earnest v. Hoskins, 100 Pa. 551; Kalbach v. Fisher, 1 Rawle 322; King v. Brooks, 72 Pa. 363.

*W. S. Moore,* for appellee, cited: Fryberger v. Motter, 24 Pa. Superior Ct. 317; Hirschlain v. Krechman, 20 Pa. Superior Ct. 227; Jacobosky v. Zborowjan, 46 Pa. Superior Ct. 626; W. W. Blake Tobacco Co. v. Posluszsy, 31 Pa. Superior Ct. 602.

OPINION BY ORLADY, P. J., October 9, 1916:

On July 31, 1909, a judgment was entered in the Court of Common Pleas of Beaver County, in favor of Arbuckles and Company, against Isabella Marshall and Alexander Marshall, founded on a warrant of attorney in a note dated July 9, 1909, signed by Alexander Marshall, and the name of Mrs. Isabella Marshall and her mark X. The undisputed testimony in the case shows that the name of Isabella Marshall was written by Eliza Sproul, her daughter, who at the request of Alexander Marshall, signed the name Mrs. Isabella Marshall, and her own name as a witness, but refused on his request to insert the "X" and words "her mark"; whereupon Alexander Marshall added the words and character between her Christian and sur name, to give it the appearance of genuineness. Mrs. Marshall was not present when the note was executed; did not know of or authorize the use of her name, and was not in any manner in-

debted to the plaintiffs. Her signature stands unchallenged, as being an undoubted forgery.

Soon after the entry of judgment, an execution was issued and a levy made on a stock of groceries in a store conducted by Alexander Marshall, from which $138.73 was realized, and credited on the judgment. No levy was made on the property of Mrs. Marshall, nor did she know of the issuance of the execution.

On July 18, 1914, a scire facias was issued to revive the judgment and returned by the sheriff as having been served on both named defendants on July 27th, and on September 27th, a judgment was entered against each for want of an appearance. In March, 1915, Mrs. Marshall received notice from the plaintiff's counsel making a demand for payment of the balance due, and this notice she avers was the first knowledge she had of the fraudulent use of her name. She promptly consulted her attorney, when a petition was presented, reciting the above facts and praying for a rule to open the judgment. The answer filed, sets forth the principal argument urged on this appeal, viz: "3, that on July 18, 1914, plaintiff caused a scire facias, 271 September Term, 1914, to issue sur judgment, 242 September Term, 1909, to revive said judgment; that said scire facias was duly served upon Isabella Marshall and Alexander Marshall, and the said Isabella Marshall did not enter any appearance, nor make any defense to said judgment," and that judgment was duly entered in default of an appearance.

Considerable testimony was taken on the rule to open the judgment, from which the above facts appear to be clearly established. After a hearing, the court discharged the rule, which action is the sole error assigned on this appeal. Relief was refused by the court below owing to the laches of Mrs. Marshall in her delay in presenting her defense. This reason concedes that if the application to open the judgment had been made promptly the rule would have been made absolute.

It has been frequently held, that when a fraud is clear-

ly proved the court will look with more than usual in-
dulgence on facts which reasonably excuse delay in as-
serting a right. No arbitrary rule exists for determin-
ing when a demand becomes stale, or what delay will
be excused, and the question of laches is to be decided
upon the particular circumstances of each case. The
appellee urges that there is a delay amounting to laches
from July 27, 1914, when the scire facias was served on
her until April 3, 1915, when the petition to open was
filed, and possibly for a longer period, but the testimony
in regard to that is quite uncertain. On the other hand,
her positive testimony is, that she had no knowledge of
any such claim against her until March, 1915, when she
received a letter from plaintiff's counsel, and, that
within a few days thereafter she consulted her attorney,
who prepared her petition.

Had the plaintiffs been ordinarily diligent, in ascer-
taining the genuineness of a signature which was ad-
mittedly made by one other than the maker of the note,
and had not patiently held it from 1909 to 1914, all the
facts could have been more easily ascertained. After
such indifference on their part, her alleged laches, with
her financial situation unchanged, is not sufficient rea-
son to bar her the defense of forgery of her name.

It is conceded that laches cannot be imputed to one
who has been justifiably innocent of the controlling
facts, and this rule receives its most frequent and fa-
miliar application in suits for relief on the ground of
fraud, where time begins to run not from the perpetra-
tion, but from the discovery of the fraud, if the discovery
is made with reasonable diligence.

The fact that she could not read or write, was ignorant
and unlearned, of itself, is not a sufficient reason for
opening the judgment, but that fact, in deciding whether
she knew of the service of the scire facias upon her, may
be considered and whether she should have equitable
relief from a palpable forgery of her name, in a case
where the slightest inquiry by the plaintiff at any time

during five years, would have disclosed the fact that she was not liable, either as an original maker of the note, or by any subsequent ratification.

In Jacobosky v. Zborowjan, 46 Pa. Superior Ct. 626, we held, There is no inflexible rule which compels the court to open a judgment entered upon a judgment note where the defendant swears that his signature is a forgery. Even in such a case the judge should exercise a sound discretion, after careful consideration of the character and effect of the testimony: Roenig's App., 1 Sadl. 284; Essick's App., 1 Mona. 588; Augustine v. Wolf, 215 Pa. 588; Shannon v. Castner, 21 Pa. Superior Ct. 294; Ilyus v. Buch, 34 Pa. Superior Ct. 43.

If her testimony is to be believed, and there is no reason suggested for doubting it, she presented her defense as soon as she knew of the plaintiff's demand against her. A majority of the judges who heard this appeal, are of the opinion that the rule to show cause why the judgment should not be opened, should have been made absolute, and the judgment should be reversed with a procedendo.

It is so ordered.