## McCreary Tire and Rubber Company v. Piccone.

*William E. Pierce* and *E. E. Creps,* for plaintiff.

*Robert M. Fisher, W. M. Ruddock* and *Donald O. Coughlin,* for defendant.

LANGHAM, P. J., Dec. 27, 1929.—Arthur J. Piccone, of near Wilkes-Barre, Pa., purchased tires from McCreary Tire and Rubber Company, of Indiana,

Pa., and on a settlement between them Piccone gave to the rubber company three judgment notes, each in the sum of $500. Two of the notes were paid, one through the Sheriff of Luzerne County on a *testatum* writ of *fi. fa.* from Indiana County. A *testatum* writ was likewise issued on the third note for $500, and Piccone has petitioned the court to open the judgment. Subsequent to the giving of the three notes Piccone purchased certain additional merchandise from the rubber company on open account, and at the time of the rubber company's effort to collect on the $500 note the rubber company had an open account charge on its books against Piccone for something over $600. Piccone sent a check to the rubber company for $511.70, dated Feb. 26, 1929. From the pleadings it appears that the proceeds of said check for $511.70 were received by the rubber company and Piccone given credit therefor. Piccone claims that the check, when written by him and transmitted to the rubber company, bore the notation "to cover note," and that the rubber company was required to apply it in payment of the note. The rubber company says the check when received and negotiated by it did not bear said notation. Admittedly, if the check did not indicate on what indebtedness it was to be applied, the rubber company would have the right to apply it on any item of indebtedness held against Piccone. The narrow question, therefore, seems to be, did the check when received by the rubber company and negotiated by it bear the notation "to cover note?" On this question Ralph W. McCreary, superintendent of the rubber company, testified that it did not bear the notation, whilst Piccone testified that it did. These were the only witnesses called by the parties. The check in question was offered in evidence by Piccone, bearing the notation "to cover note," but the rubber company contends that it was written or printed thereon after the check had been paid at the bank on which it was drawn and had come back into the hands of Piccone. The check was marked paid by a stamp, which cut small holes or perforations in the check. The top of the letters "o" and "t" in the word "note" extended up to some of the perforations, and on the back of the check there are two plainly visible ink stains at the edge of the perforations touched by the letters "o" and "t." The back of the check bears unmistakable evidence that the words "to cover note" were written on the check after the perforations were made therein, and the ink running through said perforations caused the ink stains on the back. The check, but for this, would be corroborative of Piccone, but in view of the condition of the check, it contradicts Piccone. The well settled law applicable to such a case is this:

"It is a mistake to suppose that the court to which the application is made cannot judge of the weight of the evidence and the credibility of the witnesses, but, in every case where there is a conflict of testimony, must send the case to a jury.

"While the precise measure of proof which should move a chancellor to open a judgment is not laid down, yet he may not act at all unless there is more than oath against oath, and, when there is more than this, and it comes to a question of the weight of the evidence, it is for him to decide as to which side the scales incline:" Jenkintown Nat. Bank's Appeal, 124 Pa. 337; Challenge Beneficial Ass'n *v.* Weis, 52 Pa. Superior Ct. 262.

The duty of the court is concisely stated in the case of Warren Savings Bank & Trust Co. *v.* Foley, 294 Pa. 176, 184, as follows:

"In determining whether or not a judgment should be opened, the court below is required to weigh the evidence of both parties, consider the credibility of the witnesses, give due effect to writings which cannot be subject to bias or forgetfulness, and, in the exercise of a sound discretion, decide, as a

chancellor, whether or not, in equity and good conscience, defendant has a just defense to the note or bond on which the judgment was entered."

## Order.

And now, Dec. 27, 1929, this case came on to be heard in open court, and upon due consideration of the testimony, it is ordered and decreed that the rule be discharged, at the cost of petitioner.

From James L. Jack, Indiana, Pa.